IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLAYTON B. SMITH, | ) | CASE NO. 5:06 CV 2760 |
| | ) | |
| Petitioner, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| STATE OF OHIO, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

## Introduction

Before me by referral[1] is the *pro se* petition of Clayton B. Smith, formerly a federal prisoner incarcerated in West Virginia.[2]  Smith's petition seeks to challenge the grounds of his future Ohio incarceration under 28 U.S.C. § 2254.[3]  Although the State initially asserts that Smith has not named the proper respondents,[4] the State ultimately maintains that this petition is time-barred and should be dismissed.

---

[1] ECF # 5.

[2] *See*, ECF # 12.  This change of address notice filed September 18, 2008 indicates that Smith's former address was at the Federal Correctional Institution, Morgantown, West Virginia, but that he now resides at a private residence in Canton, Ohio.

[3] ECF # 1.

[4] ECF # 8 at 1.  Pursuant to Habeas Rule 2(b), a petitioner who may be subject to future custody under a state-court judgment now being contested in the federal habeas petition, must name as respondents both the officer who has current custody of the petitioner and the attorney general of the state where the state-court judgment being contested was entered.  However, under the reasoning in *Montez v. McKinna*, 208 F.3d 862, 864 n.1 (10th Cir. 2000), resolution of the issue of whether Smith has failed to name an indispensable party here by not naming the Attorney General of Ohio does not affect the jurisdiction of this Court.  I will, therefore, proceed with an analysis of the issue of timeliness.

For the reasons that follow, I will recommend finding the State's argument of untimeliness to be well-taken and so will also recommend that this petition be dismissed.

## Facts

### A. Underlying offense, trial, and sentence

Smith was convicted by a jury in Stark County Common Pleas Court on one count of passing bad checks.[5] Essentially, Smith admitted at trial that he wrote checks to a brokerage firm to pay for some stock purchases when he did not have sufficient funds in his checking account to cover the checks.[6] He testified that he never intended to defraud anyone by this behavior, however, telling the jury that he had planned to sell stock from another account and transfer the proceeds from that sale to his checking account, but that the price of that stock had unexpectedly fallen, so rendering him unable to cover the checks in question.[7]

After conviction, Smith filed a motion for a new trial,[8] which was denied.[9] Smith was thereupon sentenced to five years of community control and ordered to make a restitution of

---

[5] *State v. Smith*, No. 2002CA306, 2003 WL 1919046, at * 1 (Ohio App. 5 Dist., April 21, 2003).

[6] *Id.*, at *2.

[7] *Id.*

[8] ECF # 9 (state court record) at 0005.

[9] *Id.* at 0008.

$57, 820.[10] He was further cautioned that violation of the community control conditions could subject him to a prison term of up to 18 months.[11]

**B.     Direct appeal**

Smith, *pro se*, then appealed his conviction, raising multiple grounds.[12] The State filed a brief opposing Smith's stated assignments of error,[13] and the state appeals court affirmed the conviction.[14]

Following this decision by the state appeals court affirming his conviction, Smith, once again proceeding *pro se*, sought review by the Supreme Court of Ohio, raising just a single proposition of law.[15] The State filed a memorandum opposing jurisdiction,[16] and, on September 10, 2003, the Ohio Supreme Court denied Smith leave to appeal, dismissing the matter as not involving a substantial constitutional question.[17] Smith did not seek a writ of certiorari from the United States Supreme Court.[18]

---

[10] *Id.* at 0009.

[11] *Id.*

[12] *Id.* at 0016-0055.

[13] *Id.* at 0056-0087.

[14] *Smith*, 2003 WL 1919046, at *6.

[15] ECF # 9 at 0093-0103.

[16] *Id.* at 0118-0128.

[17] *Id.* at 0133.

[18] ECF # 1 at 4.

**C.     Application for reopening the appeal**

While his direct appeal was still pending with the Supreme Court of Ohio, Smith, "[p]ossibly forgetful that he had represented himself on appeal,"[19] filed a motion to reopen his direct appeal, alleging six instances of alleged ineffective assistance of appellate counsel.[20] The State filed a response,[21] asserting, among other things, that Smith's application to reopen was untimely and that he had advanced no good cause to excuse that untimeliness.[22]

The Ohio appeals court agreed with the State and denied the application. It found first that Smith's application to reopen was filed beyond the 90-day period prescribed for such applications without good cause for such untimeliness and, further, that even if timely, the application to reopen was without merit because Smith could not challenge the effectiveness of his own performance as appellate counsel.[23]

This decision by the state appeals court denying the motion to reopen was appealed by Smith to the Ohio Supreme Court in a notice of appeal that raised two propositions of law,

---

[19] ECF # 8 (return of the writ) at 3.

[20] ECF # 9 at 0134-0145.

[21] *Id.* at 0146-0152.

[22] *Id*. at 0147-0149.

[23] *Id.* at 0157.

neither of which addressed the untimeliness of the motion to reopen.[24] The State filed a brief opposing jurisdiction,[25] and the Ohio Supreme Court then denied Smith leave to appeal.[26]

**D.     Second appeal**

Without acknowledging that he had already fully litigated an appeal as of right through the Ohio appellate process, Smith, in 2004, filed a "notice of appeal" regarding his 2002 conviction.[27] The State thereupon filed a motion to dismiss the appeal, noting first that Smith had already had an appeal as of right in regards to this conviction, but also noting further that, even if the prior appeal did not exist, Smith had not complied with the requirements for filing a delayed appeal.[28]

The state appeals court agreed with the State and denied Smith's "second appeal."[29] In so doing, the Ohio appellate court found that "this Court lacks the jurisdiction to grant leave for a delayed appeal where [Smith] has already pursued an appeal as of right."[30] The appeals court also denied a subsequent motion to reconsider that decision.[31]

---

[24] *Id.* at 0158-0172.

[25] *Id.* at 0175-0186.

[26] *Id.* at 0193.

[27] *Id.* at 0194-0210.

[28] *Id.* at 0211-0215.

[29] *Id.* at 0223-0224

[30] *Id.* at 0224.

[31] *Id.* at 0234.

Smith sought to appeal this ruling to the Ohio Supreme Court.[32] Although the State did not file any brief in opposition, the Supreme Court of Ohio dismissed the appeal[33] and later denied a motion to reconsider.[34]

**E.    Second motion for a new trial**

In April, 2005, Smith filed a second motion for new trial.[35] The prosecution filed a memorandum opposing the motion for a new trial,[36] and the trial court thereupon denied the motion.[37]

Smith then sought to appeal that denial to the Ohio court of appeals.[38] The State filed a brief in opposition,[39] and the Ohio appellate court then dismissed Smith's appeal as untimely and barred by *res judicata*.[40]

---

[32] *Id.* at 0225-0233.

[33] *Id.* at 0235.

[34] *Id.* at 0236.

[35] *Id.* at 0237-0242.

[36] *Id.* at 0251-0252.

[37] *Id.* at 0253.

[38] *Id.* at 0254-0271.

[39] *Id.* at 0272-0288.

[40] *Id.* at 0289-0295.

Smith filed a notice of appeal with the Supreme Court of Ohio.[41] On May 24, 2004, the Ohio Supreme Court denied Smith's appeal.[42]

**F.     Federal habeas petition**

On November 16, 2006, Smith, *pro se*, filed this present petition for federal habeas relief, asserting that he was denied his Sixth Amendment right to counsel when the Ohio trial court permitted Smith's trial attorney to file a motion to withdraw from the case, but failed to rule on that motion for a period of two years, so requiring Smith to be unrepresented at the pre-sentencing and sentencing hearings.[43]

The State has responded by arguing that this petition should be dismissed as untimely, since it was filed more than one year after the period for filing a petition for a writ of certiorari expired subsequent to the decision of the Ohio Supreme Court denying Smith's direct appeal.[44] Furthermore, the State also contends that none of Smith's later appeals or motions served to toll the limitations period, nor has Smith established any basis for equitable tolling.[45]

Alternatively, should this petition be found timely, the State maintains that Smith procedurally defaulted the single ground for habeas relief when he did not raise it on direct

---

[41] *Id.* at 0296-0319.

[42] *Id.* at 0320.

[43] ECF # 1, Attachment at 1.

[44] ECF # 8 at 13.

[45] *Id.* at 13-14.

appeal, thus precluding review by the Ohio courts, and has not excused that default by establishing cause and prejudice.[46]

In his traverse, Smith argues first that no procedural default exists because his claim could not have been raised to the Ohio courts at the time of the direct appeal since they rest, at least in part, on circumstances that had not occurred until 2005.[47] Moreover, he contends that this petition should not be considered time-barred because "when there is a valid claim for (sic) a violation of a constitutional right no statute of limitations applies."[48]

As previously noted, the matter is now properly before me for a report and recommendation.[49]

## Analysis

**A.    Standard of review – timeliness**

28 U.S.C. § 2244(d)(1)(A) provides in part that a one-year statute of limitations shall apply to applications for the writ and that this limitations period shall commence on the date on which the state judgment became final. Moreover, it is well-settled that the date on which a state court judgment becomes final is extended by the 90-day period within which a petition

---

[46] *Id.* at 15-17.

[47] ECF # 10 at 1- 2.

[48] *Id.* at 2.

[49] ECF # 5.

for a writ of certiorari may be filed with the United States Supreme Court concerning that state-court judgment, regardless of whether such a petition is actually filed.[50]

In addition, by statute, the time during which a properly filed application for state post-conviction relief is pending in the state courts is not counted toward the one-year period.[51] However, a post-conviction relief petition is deemed "properly filed" so as to toll the limitations statute only if it meets the applicable state rules for filing.[52] Specifically, the Supreme Court has held that "time limits, no matter their form, are 'filing' conditions."[53] Thus, where a post-conviction petition is untimely filed under state law, it does not toll the federal habeas statute of limitations.[54]

Moreover, a state post-conviction relief petition is properly filed so as to toll the federal habeas limitations period only if such a state filing was for "post-conviction relief recognized as such under governing state procedures."[55] Simply put, "[f]ederal law does not

---

[50] *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[51] 28 U.S.C. 2244(d)(2).

[52] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Walker v. Smith*, 360 F.3d 561, 563 (6th Cir. 2004).

[53] *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

[54] *Id.*, at 414.

[55] *Williams v. Brigano*, 238 F.3d 426, No. 99-3913, 2000 WL 1871682, at *2 (6th Cir. 2000) (citation omitted).

permit tolling of the limitations period for '[a]ttempts to seek relief through avenues that are not available.'"[56]

The statute of limitations is not jurisdictional; instead, it is an affirmative defense that must be raised in the first responsive pleading or else it is waived.[57] Further, the party asserting this affirmative defense has the burden of demonstrating that the statute has run.[58]

However, because the habeas statute of limitations is not jurisdictional, it is subject to equitable tolling.[59] A party seeking equitable tolling has the burden of persuading the court that he or she is entitled to equitable tolling.[60] In reviewing claims of equitable tolling, courts are to consider the following five factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his or her rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirements for filing his claim.[61]

---

[56] *Washington v. Kelly*, No. 1:05-cv-577, 2007 WL 1592088, at *5 (N.D. Ohio, May 31, 2007) (quoting, *Williams*, 2007 WL 1871682, at *2).

[57] *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004).

[58] *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

[59] *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

[60] *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).

[61] *Allen*, 366 F.3d at 401; *Dunlap v. United States*, 250 F.3d 1001, 1009 (6th Cir. 2001).

**B.     Application of standard – this petition is time-barred**

Smith's conviction became final December 9, 2003, the conclusion of the 90-day period for seeking a writ of certiorari after the Ohio Supreme Court denied his direct appeal on September 10, 2003. Accordingly, the one-year limitations period began to run on that date, mandating that Smith file a petition for federal habeas relief by December 9, 2004 or otherwise show that this one-year period was tolled.

Smith filed this present petition on November 15, 2006, nearly two years beyond the date on which his petition would be considered timely. Thus, unless Smith can establish that some event or events before December 9, 2004, tolled the limitations period, his petition is subject to dismissal.

Initially, I note that Smith's untimely motion to reopen his appeal under Ohio Appellate Rule 26(B) is of no consequence. As previously stated, such an untimely motion does not toll the habeas statute of limitations.

In addition, Smith's attempt to filed a second appeal was not a properly filed motion for post-conviction relief that would toll, while pending, the federal habeas statute. Specifically, the Ohio Court of Appeals denied Smith's motion for a "second appeal" because it had no authority to grant it, inasmuch as Smith had already pursued one appeal as of right in this case. As such, this motion is precisely the kind envisioned by the Sixth Circuit in *Williams* where it held that an attempt to obtain state post-conviction relief by procedures not authorized by state law does not constitute a properly filed state

-11-

post-conviction petition that will toll the limitations statute.  Consequently, this motion to file a second appeal did not toll the statute of limitations.

Finally, as is well-recognized, Smith's motion for new trial, filed in April of 2005 after the statute of limitations had run, did not reset the already expired limitations clock.

In the alternative, Smith pleads equitable tolling.  As the State correctly observes, Smith has not met his burden of showing that he is entitled to equitable tolling.  Smith's sole argument is that the limitations period does not apply to claims of constitutional violations.[62]  Supreme Court authority applying the one-year statute of limitations to federal habeas claims of constitutional violations conclusively refutes this argument.[63]

## Conclusion

Based on the foregoing, I recommend that Smith's petition be dismissed as time-barred.

Dated:   October 28, 2008                                s/ William H. Baughman, Jr.
                                                         United States Magistrate Judge

---

[62] ECF # 10 at 2.

[63] *See*, *Pace*, 544 U.S. at 417.

## **Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[64]

---

[64] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).