**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CLAYTON B. SMITH,** | : | **Case No. 5:06-CV-2760** |
| | : | |
| Petitioner, | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| | : | |
| **STATE OF OHIO,** | : | **OPINION & ORDER** |
| | : | |
| Respondent. | : | |

On November 15, 2006, Clayton B. Smith, *pro se*, filed a *Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody* (Doc. 1) ("Smith's Petition"), claiming that he was denied his Sixth Amendment right to counsel during his sentencing hearing. Pursuant to Local Rule 72.2, Smith's Petition was referred to Magistrate Judge William H. Baughman, Jr. for preparation of a Report and Recommendation ("R&R"). In his R&R, the Magistrate Judge recommended that this Court deny Smith's Petition as time-barred by the one-year statute of limitations found in Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and codified at 28 U.S.C. § 2244. (Doc. 13.) Smith has timely filed objections to the R&R (Doc. 14) ("Smith's Objections"). For the reasons articulated below, the Court **OVERRULES** Smith's Objections, **ADOPTS** the R&R, and **DENIES** Smith's Petition.

**I.     BACKGROUND**

The R&R accurately sets forth the factual and procedural background of this case.  (Doc. 13 at 2-8.)  In the interest of efficiency, therefore, the Court adopts the R&R's thorough and comprehensive articulation of the relevant factual and procedural background and provides only the following summary and augmentation of the facts.

**A.     STATE TRIAL COURT PROCEEDINGS**

In August 2002, Smith was convicted by a jury in Stark County, Ohio Court of Common Pleas on one count of passing bad checks in violation of O.R.C. § 2913.11.  After the verdict, and prior to sentencing, Smith's attorney filed a motion to withdraw.  Even though the Court of Common Pleas did not rule on the motion to withdraw (and actually did not grant the motion until April 11, 2005), Smith proceeded *pro se* throughout the remainder of the trial court proceedings.  As such, Smith filed a motion for a new trial on his own behalf, which was denied on September 11, 2002, and attended a sentencing hearing without representation on September 25, 2002.  Smith was then sentenced on September 30, 2002 to five years of community control and ordered to make a restitution of $57,820.96.  Smith also was cautioned that violation of the community control conditions could subject him to a prison term of up to 18 months.

**B.     DIRECT APPEAL**

Smith, *pro se*, then timely appealed his conviction to the Fifth District Court of Appeals, raising five assignments of error.  Smith did not raise the claim that he asserts before this Court, *i.e.*, that he was denied his Sixth Amendment right to counsel during his sentencing hearing.  On April 21, 2003, the Fifth District affirmed his conviction and sentence.

2

Smith, represented by counsel, next sought review by the Supreme Court of Ohio, raising just one proposition of law.[1] As he failed to do before the Fifth District, Smith again did not raise the claim that he was denied his Sixth Amendment right to counsel during his sentencing hearing. On September 10, 2003, the Supreme Court of Ohio denied Smith leave to appeal, dismissing the matter as not involving a substantial constitutional question.

Smith did not seek a writ of certiorari from the United States Supreme Court.

### C. RULE 26(B) APPLICATION FOR REOPENING THE APPEAL

Meanwhile, on August 25, 2003, while his direct appeal was still pending with the Supreme Court of Ohio, Smith filed a *pro se* application to reopen his direct appeal pursuant to Ohio Rule of Appellate Procedure 26(B). On October 17, 2003, the Fifth District Court of Appeals denied Smith's application. The Fifth District found that Smith's application was not timely filed, and that even if it was timely, the application was without merit, because Smith could not challenge the effectiveness of his own performance as appellate counsel.

On October 29, 2003, Smith then filed a *pro se* notice of appeal to the Supreme Court of Ohio from the Fifth District's judgment denying his Rule 26(B) application. On January 21, 2004, the Supreme Court of Ohio denied Smith leave to appeal, dismissing the matter as not involving a substantial constitutional question.

### D. SECOND APPEAL

On March 14, 2004, without acknowledging that he had already fully litigated an appeal as of right through the Ohio appellate process, Smith filed a *pro se* "notice of appeal" regarding his 2002 conviction. The State responded by filing a motion to dismiss the appeal. On July 22, 2004,

---

[1] While the R&R states that Smith was proceeding *pro se*, it appears that Smith was represented by Attorney Jeffrey Jakmides. (Doc. 9 at 0093-0104.)

3

the Fifth District Court of Appeals granted the State's motion, finding that it lacked jurisdiction "to grant leave for a delayed appeal where [Smith] has already pursued an appeal as of right." (Doc. 13 at 5.) The Fifth District also denied a subsequent motion to reconsider its decision.

Smith, *pro se*, then sought to appeal the Fifth District's decision to the Supreme Court of Ohio. On December 15, 2004, the Supreme Court of Ohio denied Smith leave to appeal, dismissing the matter as not involving a substantial constitutional question. The Supreme Court of Ohio also denied a subsequent motion to reconsider its decision.

### E.     SECOND MOTION FOR A NEW TRIAL

On April 18, 2005, Smith, *pro se*, filed a second motion for a new trial in the Stark County, Ohio Court of Common Pleas. Smith's second motion for a new trial was precipitated, at least in part, by the Court of Common Pleas' delayed ruling on the motion to withdraw by Smith's trial attorney, which was granted on April 11, 2005. On May 27, 2005, the Court of Common Pleas denied Smith's second motion for a new trial.

Smith then filed a *pro se* notice of appeal to the Fifth District Court of Appeals from the Court of Common Pleas' denial of his second motion for a new trial. On February 6, 2006, the Fifth District affirmed, finding that Smith's arguments were untimely and barred by the doctrine of *res judicata*.[2]

---

[2]     The Fifth District wrote:

> We agree with [the State], [Smith's] arguments are untimely and barred by the doctrine of *res judicata* as they could have been and were raised in [Smith's] two previous appeals. [Smith] is not now entitled to a third bite of the apple merely because the trial court granted [Smith's] motion to withdraw as counsel long after all [Smith's] arguments were cognizable via direct appeal.

> (Doc. 9 at 0293-0294.)

4

On March 15, 2006, Smith, *pro se*, filed a notice of appeal with the Supreme Court of Ohio. On May 24, 2006, the Supreme Court of Ohio denied Smith leave to appeal, dismissing the matter as not involving a substantial constitutional question.

### F. FEDERAL HABEAS CORPUS PROCEEDINGS

On November 16, 2006, Smith, *pro se*, filed his pending federal habeas corpus petition before this Court. (Doc. 1.) Smith asserts a single ground for relief, claiming that he was denied his Sixth Amendment right to counsel:

> Petitioner was denied his 6th Amendment Right to Counsel when the [Stark County, Ohio Court of Common Pleas] allowed petitioner's counsel to file a motion to withdraw, failed to rule on the motion for over two (2) years, and during the interim period, forced petitioner to appear in court unrepresented at a pre-sentencing and sentencing hearing.

(*Id.* at 16.)

The State of Ohio responded by arguing that: (1) Smith's Petition should be dismissed as untimely under the AEDPA; and (2) even if Smith's Petition was timely, Smith procedurally defaulted his single ground for habeas relief when he did not raise it on direct appeal and has not excused that default by establishing cause and prejudice. (Doc. 8.)

Smith then filed a traverse, arguing that: (1) no procedural default exists because his claim could not have been raised to the Ohio courts at the time of his direct appeal since it rests, at least in part, on circumstances that had not occurred until 2005; and (2) his petition should not be considered time-barred because "when there is a valid claim for [sic] a violation of a constitutional right no statute of limitations applies." (Doc. 10.)

On October 28, 2008, the Magistrate Judge issued his R&R, which addressed only the State's statute of limitations argument and recommended that this Court deny Smith's Petition as time-barred by the AEDPA. (Doc. 13.) The Magistrate Judge determined that Smith's one-year

5

limitations period began to run when Smith's judgment became final under 28 U.S.C. § 2244(d)(1)(A) on December 9, 2003 (ninety days after the Supreme Court of Ohio denied Smith's direct appeal on September 10, 2003) and then expired on December 9, 2004, as no intervening events during this period tolled the statute. (*Id.* at 11-12.) Consequently, the Magistrate Judge concluded that Smith's Petition – filed on November 15, 2006 – was untimely. (*Id.*) The Magistrate Judge also concluded that Smith had not met his burden of showing that he was entitled to equitable tolling. (*Id.* at 12.)

Smith then timely filed his objections to the Magistrate Judge's R&R on October 30, 2008. (Doc. 14.) To date, the State of Ohio has not filed a response to Smith's Objections. As the time for responding has expired, *see* Local Rule 72.3(b), the objections are now ripe for determination.

## II. LAW & ANALYSIS

Pursuant to the Federal Magistrates Act, the Court is required to conduct a *de novo* review of those portions of the Magistrate Judge's R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1)(C). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations" made by the Magistrate Judge. *Id.*

Here, while Smith's Objections are less than clear, the premise is that the Magistrate Judge's R&R was incorrect, because his claim rests, at least in part, on the Stark County, Ohio Court of Common Pleas' delay in ruling on his attorney's motion to withdraw until April 11, 2005, and that the court's delay entitles him to either: (1) a later commencement date of the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(D); or (2) equitable tolling. As explained in more detail below, however, the Court determines that the Court of Common Pleas' delay was effectively meaningless as it relates to Smith's Sixth Amendment right to counsel claim, and that Smith is not entitled to either a later commencement date or equitable tolling. Accordingly, upon its *de novo*

6

review, the Court concludes that Smith's Petition should be denied as time-barred under the AEDPA.

### A. THE AEDPA'S STATUTE OF LIMITATIONS AND EQUITABLE TOLLING

As correctly noted by the Magistrate Judge, under the AEDPA, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244(d) and file his petition within one year of the latest of four commencement dates, notwithstanding any periods of statutory tolling that may be applicable. Specifically, the AEDPA provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Also as correctly noted by the Magistrate Judge, the AEDPA's one-year statute of limitations under 28 U.S.C. § 2244(d) is not a jurisdictional requirement and therefore is subject to the doctrine

7

of equitable tolling, which permits a court to excuse late-filed habeas claims in appropriate circumstances. *Souter v. Jones*, 395 F.3d 577, 588, 598, 602 (6th Cir. 2005). In particular, a petitioner is entitled to equitable tolling upon satisfying the five-factor test set forth in *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). The five factors identified in *Dunlap* that courts must consider to determine whether equitable tolling should apply are as follows:

> (1) the petitioner's lack of notice of the filing requirement;
> (2) the petitioner's lack of constructive knowledge of the filing requirement;
> (3) diligence in pursuing one's rights;
> (4) absence of prejudice to the respondent; and
> (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.*

### B. THE DELAY IN RULING ON SMITH'S ATTORNEY'S MOTION TO WITHDRAW DOES NOT AFFECT THE COMMENCEMENT DATE OF THE STATUTE OF LIMITATIONS UNDER THE AEDPA, NOR ENTITLE SMITH TO EQUITABLE TOLLING

As noted, Smith argues in his objections that the pendency of his attorney's motion to withdraw until April 11, 2005 warrants either a later commencement date under 28 U.S.C. § 2244(d)(1)(D) or equitable tolling, because his claim rests, at least in part, on the Stark County, Ohio Court of Common Pleas' delay in ruling on his attorney's motion.

Smith's argument, however, is not well-taken. Smith's claim for habeas relief is not based on the Court of Common Pleas' failure to rule on his attorney's motion to withdraw; instead, the relevant portion of Smith's claim for habeas relief, *i.e.*, the aspect of his claim that implicates federal law, is Smith's allegation that he was denied counsel at his sentencing hearing in violation of the Sixth Amendment. *See* 28 U.S.C. § 2254(d). As such, the factual predicate of his claim arose when the Court of Common Pleas conducted the sentencing hearing in the absence of counsel, not when it ruled on Smith's attorney's motion to withdraw. In other words, the Court of Common Pleas'

8

delayed ruling on the motion was effectively meaningless as it relates to Smith's claim. Smith knew full well at the time of his sentencing hearing that he did not have counsel, and by proceeding with the hearing, the Court of Common Pleas essentially granted his attorney's motion to withdraw at the time of the hearing in September 2002. Smith, therefore, could and should have raised his Sixth Amendment right to counsel claim on direct appeal. Accordingly, the Magistrate Judge's decision to apply a commencement date under 28 U.S.C. § 2244(d)(1)(A) was proper. Further, Smith has not met his burden of showing that he is entitled to equitable tolling on this basis.[3]

In sum, upon a *de novo* review, the Court agrees with the Magistrate Judge's R&R and overrules Smith's Objections. Smith's Petition should be denied as time-barred under the AEDPA.

---

[3] In this regard, the Court also notes that Smith has not attempted to satisfy a single *Dunlap* factor. Smith has failed to show that anything impaired his knowledge of the filing deadline under the AEDPA, or made it impossible for him to have filed his petition prior to the expiration of the statute of limitations. Also, to the extent that Smith argues that he was diligent through his pursuit of relief in state court, albeit untimely and improperly, the Sixth Circuit has stated that the proper inquiry is whether a petitioner was diligent in pursuing federal habeas relief, and Smith's failure to file his federal habeas petition while simultaneously filing his appeals in state court demonstrated a lack of diligence. *See Vroman v. Brigano*, 346 F.3d 598, 605-06 (6th Cir. 2003) ("Vroman's decision to proceed solely to the Ohio Supreme Court, rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence."). In sum, there were no circumstances beyond Smith's control that would entitle him to the extraordinary relief of equitable tolling. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).

Moreover, the Court notes that while Smith makes passing use of the phrase "actual innocence" in his objections (*see* Doc. 14 at 1), Smith does not argue, much less prove, that he is entitled to equitable tolling under the actual innocence exception to the AEDPA's statute of limitations set forth in *Souter*. 395 F.3d at 602. Smith does not even attempt to offer any "new reliable evidence that was not . . . presented at trial" to show "that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Id.* at 589-90.

### III. <u>CONCLUSION</u>

For all of the foregoing reasons, the Court **<u>OVERRULES</u>** Smith's Objections, **<u>ADOPTS</u>** the R&R, and **<u>DENIES</u>** Smith's Petition as time-barred by the AEDPA's one-year statute of limitations.

Further, the Court will not issue a certificate of appealability, because Smith has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Likewise, the Court notes that Smith should not be granted leave to proceed on appeal *in forma pauperis*, as any appeal could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

                                          **/s/Kathleen M. O'Malley**
                                          **KATHLEEN McDONALD O'MALLEY**
**Dated: February 27, 2009**           **UNITED STATES DISTRICT JUDGE**